**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert DeCiero, Appellant,

v.

Horry County, State of South Carolina, Respondent.

Appellate Case No. 2021-000136

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2023-UP-046
Submitted January 1, 2023 – Filed February 1, 2023

**AFFIRMED**

Thomas Case Brittain, Jr., of The Brittain Law Firm,
P.A., of Myrtle Beach, for Appellant.

Elise Freeman Crosby, of Crosby Law Firm, LLC, of
Georgetown, for Respondent.

**PER CURIAM:** Robert DeCiero appeals the denial of his petition for a writ of mandamus to compel Horry County to investigate his allegations of violations of local zoning ordinances. On appeal, DeCiero argues the circuit court erred by (1) declining to order Horry County to "to abide by its ordinance requiring

enforcement of [its] zoning regulations" and (2) finding that he made "no investigable complaint" to the County about zoning violations.  We affirm.

We hold the circuit court did not err by finding DeCiero failed to make any investigable complaint because the evidence showed DeCiero never identified in his complaints any specific address where the alleged violations occurred.  Thus, we find the County's general duty to investigate complaints of zoning ordinance violations never arose.  Accordingly, we hold the circuit court did not err by denying DeCiero's petition for a writ of mandamus ordering the County to investigate DeCiero's complaints.  *See Richland Cnty. v. S.C. Dep't of Revenue*, 422 S.C. 292, 307, 811 S.E.2d 758, 766 (2018) ("Whether to issue a writ of mandamus lies within the sound discretion of the trial court, and an appellate court will not overturn that decision unless the trial court abuses its discretion." (quoting *Charleston Cnty. Sch. Dist. v. Charleston Cnty. Election Comm'n*, 336 S.C. 174, 179, 519 S.E.2d 567, 570 (1999))); HORRY COUNTY ZONING ORDINANCES art. XIII, § 1309 (1999) (stating that upon receipt of a complaint alleging a zoning ordinance violation, "[t]he Zoning Administrator shall . . . immediately investigate, and take whatever action is necessary to assure compliance with the ordinance"); *Edwards v. State*, 383 S.C. 82, 96, 678 S.E.2d 412, 419 (2009) (stating a party seeking a writ of mandamus must show "(1) a duty of the Respondent to perform the act; (2) the ministerial nature of the act; (3) the Petitioner's specific legal right for which discharge of the duty is necessary; and (4) a lack of any other legal remedy").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.